**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

JAY KLINSKE,   Case No. 17-
   Hon.

      Plaintiff,

vs.

SWARTZ CREEK POLICE OFFICER PAUL,
SWARTZ CREEK POLICE OFFICER RACOSTA,
SWARTZ CREEK POLICE OFFICER VANKEUREN,
in their individual capacities, jointly and severally, and CITY
OF SWARTZ CREEK, a Municipal Corporation,

      Defendants,
_____/
ROMANO LAW P.L.L.C.
DANIEL G. ROMANO (P49117)
DAVID GORNEY (P81201)
*Attorneys for Plaintiff*
23880 Woodward Avenue
Pleasant Ridge, MI 48069
(248) 750 – 0270
_____/

*There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint*

**COMPLAINT AND REQUEST FOR TRIAL BY JURY**

NOW COMES Plaintiff, JAY KLINSKI, by and through his attorneys, ROMANO LAW, P.L.LC, and complaining against the aforementioned Defendants, would aver unto this Honorable Court as follows:

1

## PARTIES, JURISDICTION AND VENUE

1. At all times relevant hereto, Plaintiff JAY KLINSKE (alternatively "KLINSKE") is a resident of the State of Michigan and a citizen of the United States of America.

2. At all times relevant hereto, Defendant SWARTZ CREEK POLICE OFFICER PAUL (hereafter "Defendant PAUL") was a citizen of the United States and a resident of the State of Michigan and was acting under color of state law in his/her capacity as a law enforcement officer employed by Swartz Creek. Defendant PAUL is sued individually.

3. At all times relevant hereto, Defendant SWARTZ CREEK POLICE OFFICER RACOSTA (hereafter "Defendant RACOSTA") was a citizen of the United States and a resident of the State of Michigan and was acting under color of state law in his/her capacity as a law enforcement officer employed by Swartz Creek. Defendant RACOSTA is sued individually.

4. At all times relevant hereto, Defendant SWARTZ CREEK POLICE OFFICER VANKEUREN (hereafter "Defendant VANKEUREN") was a citizen of the United States and a resident of the State of Michigan and was acting under color of state law in his/her capacity as a law enforcement officer employed by Swartz Creek. Defendant VANKEUREN is sued individually.

2

5. This actions arises under the Constitution and laws of the United States, including Article III, Section 1, of the United States Constitution and is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

6. This Court maintains jurisdiction over Plaintiff's state claims pursuant to the Federal Rule of Civil Procedure 18 and 28 U.S.C. § 1867 as codified supplemental jurisdiction or, previously, pendent jurisdiction as was articulated in United Mine Workers of America v. Gibbs, 383 US 715 (1996).

7. This case is instituted in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

## I. INTRODUCTION

1. This is an action brought by Plaintiff Jay Klinske, to vindicate profound deprivations of his Constitutional rights caused by police misconduct.

2. Early in the evening on January 9, 2015, Plaintiff Jay Klinske went to Admiral Gas Station, located at 7561 Miller Rd., to purchase an e-cigarette for his wife. Upon his return home, his wife opened the package to discover it was the

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

incorrect cartridge and asked Plaintiff to return it to the store, and acquire the correct item or obtain a refund.

3. That Plaintiff returned to the store and explained to the clerk that the product he previously purchased was incorrect and in error and he would like a replacement of the correct item or a refund.

4. That the clerk, later identified as Spencer Doyle, a non-party to this suit, advised that Plaintiff's money would not be refunded and that any disputes about the no refund policy would need to be handled by the store manager at 9:00 am the following morning.

5. That Plaintiff directed clerk that the he wanted the Police called to settle the dispute, if the clerk was not willing to comply with Plaintiffs request. The clerk, not upset or argumentative complied with Plaintiff's request, stating "he didn't want to do it this way" "but would if that's what the Plaintiff wanted" clerk further advised a second unidentified clerk that he would be in the back until the police arrived.

6. That two Swartz Creek Police Officers arrived on the scene, joined thereafter by a third Officer. Officers were later identified as, Defendant PAUL, Defendant RACOSTA, and Defendant VANKEUREN.

LAW OFFICES
**ROMANO LAW, PLLC**
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

7. That Plaintiff was immediately escorted aggressively out of the store by Defendant PAUL, although the dispute between Plaintiff and the clerk was cordial and Plaintiff had not been asked to leave the store.

8. That Defendant RACOSTA stayed behind and spoke to the clerk that Plaintiff had dispute with.

9. That the Defendant PAUL was aggressive when he began questioning and interacting with Plaintiff. That Plaintiff repeatedly asked for the Officers name and badge number.

10. That Defendant Paul asked Plaintiff for his ID although it was already in the Defendants possession.

11. That Plaintiff was told to leave and he advised Defendants that he needed the return of his identification.

12. That Plaintiff was denied return of his rightful property and Plaintiff again requested Officers names and identification which was denied.

13. That Plaintiff advised Defendant Officers that "just because you have a badge," "does not give you a right to be a jerk to me," Plaintiff was not using vulgarity or refusing to comply he simply asked for his identification to be returned.

LAW OFFICES
**ROMANO LAW, PLLC**
23880 Woodward Avenue • Pleasant Ridge. Michigan 48069 • (248) 750-0270

5

14. That Plaintiffs mistreatment continued, when Plaintiff was advised that if he didn't leave he would be arrested.

15. That to Plaintiff's surprise he was advised that he had struck one of the Officers, by one of the Defendants, when he again asked for the return of his property. It was at this time Defendants PAUL, RACOSTA and VANKEUREN, unprovoked and unwarranted assault of Plaintiff began.

16. That Defendants PAUL, RACOSTA and VANKEUREN viciously threw Plaintiff on the ground and began attacking him.

17. That Plaintiff was kicked, punched and hit repeatedly while other Defendant officers pulled his arms behind his back.

18. That Plaintiff was not resisting; he was not combative; and further Plaintiff advised Defendant officers multiple times he was disabled; he had been injured; and needed immediate medical attention.

19. That Defendant Officers starting laughing, mocking and badgering Plaintiff stating "ooh Boo Hoo, you're just faking."

20. That the injured, handcuffed Plaintiff was then inhumanely dragged to Defendant Officers car, wherein Defendant Officers tried to force the injured Plaintiff into the vehicle in which he wouldn't fit, while continuing the assault and battery of Plaintiff.

21. That Plaintiff observed an unidentified black male, recording the event with his cell phone, at which time one of the Defendant Officers advised that the unknown witness would be arrested and phone confiscated if he failed to leave the area and stop recording.

22. That a second set of cuffs was placed on Plaintiff, while he awaited arrival of the Ambulance.

23. That an unnamed Paramedic advised Defendant Officers that cuffs would need to be removed, or at least one side released for Paramedics to provide much needed medical care, Defendant Officer advised, "I'll take them off him, I have no use for him anymore" and walked away.

24. That Plaintiff's personal property was never returned in its entirety.

25. That Plaintiff did not see Defendant officers again until the following day, when Plaintiff was issued a citation for obstruction of officers and disturbing the peace.

26. That numerous witnesses were present, yet Defendant Officers failed to investigate or obtain statements from any of them.

27. That the Plaintiff was aware of video surveillance that would support his version of the events transpired, and directly refute the Defendant Officer's

7

testimony, and although requested with a set date for retrieval, the video was unexplainably destroyed without cause.

28. That the Plaintiff continues to be harassed by Defendant Officers.

29. That Plaintiff was disabled at the time of the incident at issue and Defendant Officers showed deliberate indifference to his medical needs.

30. That as a result of the assault and battery Plaintiff suffered when Defendant Officers intentionally, recklessly, and negligently assaulted Plaintiff, in abrogation of Government Immunity, with a certainty that an injury would result, Plaintiff was wounded by the Defendants.

31. That Plaintiffs injuries include but are not limited to: broken bones in shoulder, bicep was separated and ripped off the bone, torn rotator cuff and multiple surgeries including a total hip replacement.

32. That Plaintiff has a serious medical condition that required hospital care, although requested numerous times, Plaintiff was denied routine medical care.

33. That Plaintiff unnecessarily suffered with excruciating pain, because of Defendants PAUL, RACOSTA and VANKEUREN's deliberate indifference and gross negligence.

34. That as a result of Defendants' conduct, the civil rights, privileges and immunities of Plaintiff were violated. Specifically, Plaintiff's right to be free

from unreasonable searches and seizures, right to equal protection under the laws, right to due process of law, right to personal liberty and freedom as well as other rights set forth herein were violated.

35. That this is also (and/or in the alternative) an action against Defendants for negligence, gross negligence and/or deliberate indifference to the rights, privileges, and immunities secured by the Constitution of the United States, laws of the United States and of Michigan, all as expressed in policies, procedures, and supervisory actions with respect to individual police officer Defendants and actions alleged herein after, which gross negligence and deliberate indifference led to the deprivation of civil rights of Plaintiff.

36. That this is also an action under common law within scope of Title 42 of the United States Code, Section 1983 for the negligent and/or indifferent, policy making, hiring, supervision and retention of Defendants named herein and one or more of the police officers which are named herein as Defendant Officers PAUL, RACOSTA, and VANKEUREN which led to the deprivation of civil rights of Plaintiff and damages complained of herein.

37. That the true names and identity of Defendants, are not currently known to Plaintiff. It is alleged upon information and belief that individually and/or together with other named Defendants and are jointly and severally

responsible for the facts and causes of action alleged herein. That as the true names, identity and capacity of Defendant Officers becomes known to Plaintiff, he will seek leave to amend this complaint to add such additional facts as are necessary for full relief in this matter

38. That it is alleged upon information and belief that Defendants are jointly and severally liable for the acts and occurrences alleged herein.

## II. CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**Violation of 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision of the Fourth and Fourteenth Amendments.**

39. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

40. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for. . .

41. Plaintiff in this action is a citizen of the United States and the Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

42. The Defendants to this claim at all times relevant hereto were acting under the color of state law.

43. As a detainee, Plaintiff had the following clearly established rights at the time of the complained of conduct:

   a. the right to adequate medical care under the Fourteenth Amendment's Due Process Clause; and

   b. the rights at least as great as the protections available to convicted prisoners under the Eighth Amendment.

44. In committing or permitting the acts complained of herein, all Defendants acted under color of law to deprive Plaintiff of his constitutionally protected rights under the Fourteenth Amendment of the U.S. Constitution, including but not limited to the following, respectively:

   a. When presented with a choice Defendants continued to assault and batter Plaintiff instead of taking him to a hospital.

   b. Plaintiff was clearly exhibiting a health condition; a condition so apparent that a lay person would have known that he needed medical care.

   c. Defendants continued to ignore Plaintiff's health and confined him in cuffs forcing him to the ground because he was unable to enter the police vehicle.

    d.    Knowing of, and yet exhibiting a deliberate indifference to Plaintiff's serious medical needs.

45. That the Defendant Officers' actions above imposed the injuries and losses as alleged herein, thereby depriving Plaintiff of his rights, privileges and immunities as is secured by the United States Constitution and specifically its Fourteenth Amendment.

## III  THIRD CLAIM FOR RELIEF
**Gross Negligence, Willful and Wanton Misconduct, Intentional Infliction of Emotional Distress**

46. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

47. The individual Defendants' PAUL, RACOSTA and VANKEUREN acts constitute gross negligence, willful and wanton misconduct, and/or intentional infliction of emotional distress on Plaintiff.

48. That as a direct and proximate result of the wrongful acts of Defendants PAUL, RACOSTA and VANKEUREN as aforesaid, Plaintiff suffered severe injuries.

49. As a direct proximate result of the actions of the Defendants PAUL, RACOSTA and VANKEUREN in total and individually as alleged herein, Plaintiff sustained personal injuries.

50. That the within cause is brought on behalf of Plaintiff to recover for conscious pain and suffering suffered by Plaintiff.

51. That as a direct and proximate result of the acts alleged herein, Plaintiff became liable for various sums of money in and about securing medical supplies and attention for said injuries and Plaintiff will be liable for any such bills.

52. The Defendant's intentionally and without provocation or justification did knowingly deprive Plaintiff of basic needs in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution.

## IV. FOURTH CLAIM FOR RELIEF
**Deprivation of Liberty Without Due Process of Law**

53. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

54. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for . . .

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

55. Plaintiff in this action is a citizen of the United States and the individual Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

56. Defendants PAUL, RACOSTA and VANKEUREN at all times relevant hereto, were acting under the color of state law in their capacity as Swartz Creek Officers and Employees and their acts or omissions were conducted within the scope of their official duties or employment.

57. At the time of the complained events, Plaintiff had a clearly established right under the Fourteenth Amendment not to be punished without due process of law.

58. At the time of the complained events, Plaintiff's Due Process rights were at least as great as the Eighth Amendment protections available to a convicted prisoner.

59. At the time of the complained events, Plaintiff has a clearly established right under the Fourteenth Amendment to not be subjected to punitive conditions.

60. Any reasonable law enforcement officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established.

61. Defendants actions, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and were intended to punish Plaintiff.

62. Defendants' actions, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and were an exaggerated response to a real concern.

63. The individual Defendants to this claim at all times relevant hereto were acting pursuant to Swartz Creek Police Department custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

64. As a proximate result of the Defendants' unlawful conduct, Plaintiff suffered serious injury and was deprived of his liberty without due process of law.

65. In addition to compensatory damages, Plaintiff is entitled to punitive damages against each of the individual Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## V. FIFTH CLAIM FOR RELIEF
**Res Ipsa Loquitur (Against all the defendants, and each of them, jointly and severally)**

66. Plaintiff herein hereby incorporates paragraphs 1 through 64 of this complaint as though fully set forth herein.

67. At all times material and relevant herein, plaintiff has never been in any situation or under any condition that would have made plaintiff particularly susceptible to the personal injuries complained of herein.

68. Thus, plaintiff is informed, believes, and thereupon alleges that, but for the acts, commissions and or omissions complained of herein, undertaken by the defendants, and each and all of them, jointly and severally, plaintiff would never have suffered the injuries complained of herein that resulted from defendants, and each every one of them, violating plaintiff's rights protected by 42 U.S.C § 1983, As a proximate result, plaintiff has suffered and continues to suffer injury to his mind, nervous system and body.

69. As a further proximate result, plaintiff has suffered loss of income and other legally compensable damages, with the legal rate of interest thereupon, in an amount to be determined at trial.

70. Plaintiff is therefore entitled to compensatory damages, with the legal rate of interest thereupon.

LAW OFFICES
**ROMANO LAW, PLLC**
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

71. Defendants' acts, commissions and or omissions were wanton, outrageous, willful and malicious without any justification in law or fact therefore entitling plaintiff to punitive and exemplary damages.

## V. PRAYER FOR RELIEF

72. Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

   a) compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

   b) economic losses on all claims allowed by law;

   c) special damages in an amount to be determined at trial;

   d) punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial.

   e) attorney's fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

   f) pre- and post-judgment interest at the lawful rate; and

   g) any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

Respectfully Submitted,

By: /s/ David Gorney
DANIEL G. ROMANO (P49117)
DAVID GORNEY (P81201)
*Attorneys for Plaintiff*
23880 Woodward Avenue
Pleasant Ridge, Michigan 48069
(248) 750- 0270

June 20, 2017

## **DEMAND FOR JURY TRIAL**

NOW COMES, the above-named Plaintiff, by and through his, attorneys, ROMANO LAW, P.L.L.C., and hereby makes formal demand for a trial by jury of facts and issues involved in this cause of action.

Respectfully Submitted,

By: /s/ David Gorney
DANIEL G. ROMANO (P49117)
DAVID GORNEY (P81201)
*Attorneys for Plaintiff*
23880 Woodward Avenue
Pleasant Ridge, Michigan 48069
(248) 750- 0270

Dated: June 20, 2017